# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| MICHAEL T. HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-CV-015-DCLC-CRW |
| | ) | |
| WARDEN WASHBURN and TENNESSEE | ) | |
| DEPARTMENT OF CORRECTION, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff, a former prisoner of the Tennessee Department of Correction, has filed a pro se complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1].

Plaintiff's complaint is against the Warden of the Trousdale Turner Correctional Center and the Tennessee Department of Correction and sets forth allegations regarding the conditions of his confinement and other occurrences while he was incarcerated in the Trousdale Turner Correctional Center [Doc. 2 p. 3–5]. The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3). A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a).

As set forth above, Plaintiff's complaint sets forth claims that arose during his incarceration in the Trousdale Turner Correctional Center, which is in Trousdale County, Tennessee, which lies within the Nashville Division of the United States District Court for the Middle District of Tennessee. 28 U.S.C. § 123(b)(2); https://www.tnmd.uscourts.gov/divisions-court. The Court therefore concludes that the proper venue for this case is the Nashville Division of the Middle District of Tennessee. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties).

Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Nashville Division of the Middle District of Tennessee and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

SO ORDERED:


s/Clifton L. Corker
United States District Judge